**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Andrew Preston MARTELL, aka Bundie Martell, Defendant–Appellant.**

**United States of America,
Plaintiff–Appellee,**

v.

**Andrew Preston Martell, aka Bundie Martell, Defendant–Appellant.**

Nos. 06–30076, 06–30077.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 1, 2008 *.

Filed Feb. 6, 2008.

Craig W. Haller, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Anthony R. Gallagher, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: GRABER, PAEZ, and BEA, Circuit Judges.

MEMORANDUM **

Defendant Andrew Preston Martell appeals the sentence imposed after he pleaded guilty to burglary, in violation of 18 U.S.C. §§ 1152, 13(a), and Montana Code Annotated § 45–6–204, and to aggravated sexual abuse, in violation of 18 U.S.C. §§ 1153(a) and 2241(a)(1). On review for abuse of discretion, *Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007), we affirm.

* The panel unanimously finds these cases suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

The district court in this case followed all the procedural requirements of sentencing. *Id.* at 596–97. The court accurately calculated the sentencing range for each conviction under the Sentencing Guidelines and, in the process, properly acknowledged that the Guidelines were only advisory. After providing the parties an opportunity to argue their positions fully, the court considered the provisions of 18 U.S.C. § 3553(a) and the "nature and circumstances" of the offenses. In doing so, the court recited and applied all seven statutory factors.

We next must consider whether the sentence was substantively reasonable. *Id.* at 597. The 21–month sentence for burglary accords with the Guidelines and, indeed, Defendant does not argue separately that it is unreasonable. We conclude that this sentence is reasonable.

Turning to the 148–month sentence for aggravated sexual assault, we conclude that it, too, is reasonable. *Id.* The court provided specific and persuasive reasons justifying the above-Guidelines sentence it reached on undisputed facts. Not only did Defendant hit and rape the 16–year–old victim, but he further denigrated her, both during and after the commission of the rape, including by urinating on her. The district court permissibly found that the victim suffered devastating psychological injury and that Defendant's background provided nothing in mitigation.

AFFIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.